Submitted February 5, judgment modified to divide marital residence sale net proceeds equally between husband and wife, after payment of marital debts and $47,000 to husband, and to deduct $6,809 from husband's share to be paid to wife for child support arrearage and property tax obligation; otherwise affirmed April 14, 2010

In the Matter of the Marriage of

Robert M. FRAZIER,
*Petitioner-Respondent,*

*and*

Lori L. FRAZIER,
*Respondent-Appellant.*

Polk County Circuit Court
07P2348; A137220

229 P3d 612

Clayton C. Patrick filed the briefs for appellant.

Robert M. Frazier filed the brief *pro se* for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Wife appeals an amended judgment of dissolution of marriage that awarded custody of the parties' son to husband, assessed child support, and divided the marital assets; she appeals separately from a post-judgment order. Wife assigns error to the custody award, the particulars of the division of the parties' property, and other rulings of the trial court. We review *de novo,* ORS 19.415(3),[1] modify the portion of the amended judgment allocating the proceeds of the sale of the marital residence, and otherwise affirm.

The parties were married for over 10 years and have one child; wife also has other children from a previous relationship. During the marriage, the parties acquired real estate, including their residence in West Salem and a residential rental property in Sweet Home. At the time the dissolution petition was filed, the marital residence was subject to two mortgages, the first for $178,000 and the second for $35,000. Shortly after the filing of the petition, wife completed a refinance of the home resulting in a new mortgage in the amount of $260,000.[2] Husband testified that wife obtained $60,000 in proceeds from the refinancing. However, the debt that was secured increased by only $47,000. Wife testified that she refinanced the house because the second mortgage was an adjustable-rate mortgage with increasing payments and that, when she refinanced, she paid off the $35,000 adjustable mortgage, property taxes due on the house in the amount of $3,300, and an unspecified amount of state taxes the parties owed. Wife also testified that she used a portion of the proceeds to pay her daughter's college tuition.

In its dissolution judgment, the trial court directed the parties to sell the marital residence and ordered that the proceeds of that sale, less debts, be divided equally between the parties, except that $54,841 "shall be awarded to [husband and] shall be a lien against the proceeds" of the home. The trial court noted in its letter opinion that,

---

[1] The notice of appeal in this case was filed before the effective date (June 4, 2009) of the amendments to ORS 19.415 in Oregon Laws 2009, chapter 231.

[2] The trial court concluded that wife violated the dissolution restraining order by refinancing the parties' property after the petition was filed.

"[d]uring the pendency of this matter, husband has not paid any child support and wife re-financed the marital home in violation of a court order and retained $60,000.00 from that transaction. The presumed child support amount would have been $469 a month; it has been eleven [11] months since October 2006 and August 2007. Child support would be [469 x 11=] $5,159.00; deducting that amount from $60,000 results in a judgment in favor of [husband] and against [wife] is the sum of $54,841.00."[3]

On appeal, wife argues that the court erred in awarding the $54,841 to husband because, at most, she could have received $47,000 from the refinance, not $60,000. She further contends that she used the money to pay marital debts,[4] so husband is not entitled to receive any of it. In the alternative, wife argues that the $47,000 she received from the refinance is a marital asset for which husband has not rebutted the presumption of equal contribution; therefore, husband is entitled to, at most, one half of $47,000 or $23,500. Husband argues that wife submitted no proof beyond her own testimony of how the money gained through the refinance process was spent and that he is entitled to half of the equity in the family residence. Based on our review of the record, we find that wife received, at most, $47,000 from the refinance of the marital residence. We also agree with wife that the trial court improperly awarded *all* the proceeds of the refinance to husband.

Under ORS 107.105(1)(f), a marital dissolution judgment may divide or dispose of the parties' property "as may be just and proper in all the circumstances," recognizing that there is a "rebuttable presumption that both spouses have contributed equally to the acquisition of property during the

---

[3] Although the letter opinion denominated the $54,841 award as a "judgment," the actual judgment did not include an equalizing judgment to that effect. Instead, the $54,841 sum was to be paid to husband from the proceeds of the house sale.

[4] Though wife testified that she used the money from the refinance to pay marital debts, her specific testimony was that at least some of the money went to pay for tuition for one of her children, which was not a marital debt. Also, her testimony was that she paid $3,300 in property taxes and an unspecified amount toward state taxes. We cannot conclude from this record that wife paid *all* the money toward marital debts, nor can we calculate the portion of the money that wife spent on non-marital versus marital obligations, except for the $3,300 payment of property taxes.

marriage." As the Supreme Court explained in *Kunze and Kunze,* 337 Or 122, 134, 92 P3d 1032 (2006), in conducting a property division analysis under ORS 107.105(1)(f), the trial court must first determine whether the property is a marital asset. If so, the court must presume that the parties contributed equally to that marital asset and, if that presumption is not rebutted, "absent other considerations, the 'just and proper' division of the marital asset is an equal division between the parties." *Id.* The *Kunze* court further elaborated:

> "Although the inquiry into the 'just and proper' division necessarily includes consideration of the statutory factors, including the court's determination under the presumption of equal contribution, that inquiry also takes into account the social and financial objectives of the dissolution, as well as any other considerations that bear upon the question of what division of the marital property is equitable. Although they will vary according to the individual circumstances of the parties, this court has identified some of the equitable considerations under ORS 107.105(1)(f) to include the preservation of assets; the achievement of economic self-sufficiency for both spouses; the particular needs of the parties and their children; and * * * the extent to which a party has integrated a separately acquired asset into the common financial affairs of the marital partnership through commingling."

*Id.* at 135-36 (citations omitted).

It is undisputed that the equity in the parties' home is a marital asset. The presumption of equal contribution to that asset was not rebutted; there is no evidence in the record that either party contributed more to the acquisition of the equity than the other. Therefore, the equity in the property should be equally divided unless it is just and proper to make a different award.

On *de novo* review, we conclude that none of the factors listed in *Kunze* weighs against equal division of the equity in the marital residence. The parties have not argued that an unequal division of the asset is necessary to allow either party to be self-sufficient or otherwise to meet a party's particular needs. Nor do we find that wife's violation of the court order affects the balance of equities in determining

what is "just and proper" under the circumstances. Some of the proceeds of the refinancing were used to pay a joint obligation of the parties. Given the value of the home, we conclude that husband's share of the refinancing is likely to be recovered from the sale proceeds.[5]

"[T]he trial court's ultimate determination as to what property division is 'just and proper in all the circumstances' is a matter of discretion" that we "will not disturb * * * unless * * * the trial court misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires." *Kunze*, 337 Or at 136 (citation omitted). Given that we conclude that wife received only $47,000 from the refinance (rather than the $60,000 found by the trial court), and the absence of circumstances supporting an unequal division of that asset, we conclude that the court did misapply the required statutory and equitable considerations. Therefore, we modify the judgment to divide the net proceeds from the sale of the martial residence equally between the parties, after crediting wife with the receipt of $47,000 from the refinance and making adjustments for the child support arrearages and payment of the joint property tax obligation. The net proceeds shall be paid in the following order: (1) payment of the debts listed in paragraph 10 of the amended judgment; (2) payment of $47,000 to husband; (3) division of the remaining proceeds equally between the parties but deduction of $5,159 (child support arrearages) and $1,650 (husband's share of paid property taxes), for a total deduction of $6,809, from husband's one-half of the remaining proceeds and payment of that amount to wife together with her half of the remaining proceeds. If husband's share of the remaining proceeds is insufficient to pay the $6,809, any insufficiency should be paid from the $47,000 share of the net proceeds.

Judgment modified to divide marital residence sale net proceeds equally between husband and wife, after payment of marital debts and $47,000 to husband, and to deduct

---

[5] The record reflects that, even after the refinancing, there remained approximately $100,000 in equity in the home. There were joint debts totaling approximately $32,000 to be paid from proceeds of the house sale. Even assuming a decline in the value of the house since the trial, it is likely that husband's lien, as modified, will be satisfied.

$6,809 from husband's share to be paid to wife for child support arrearage and property tax obligation; otherwise affirmed.